Matter of Yvette F. v Corey J.G. (2019 NY Slip Op 08507)





Matter of Yvette F. v Corey J.G.


2019 NY Slip Op 08507


Decided on November 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2019

Friedman, J.P., Renwick, Oing, Singh, JJ.


10424

[*1] In re Yvette F., Petitioner-Appellant,
v
Corey J.G., Sr., Respondent-Respondent.


Steven N. Feinman, White Plains, for appellant.
William Whalen, DC 37 Municipal Employees Legal Services, New York (Joan A. Foy of counsel), for respondent.
Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), attorney for the child.



Order, Family Court, New York County (Gail A. Adams, Referee), entered on or about September 4, 2018, which, after a hearing, denied petitioner mother's petition to modify a custody order and granted her liberal visitation, unanimously affirmed, without costs.
It is well established that to modify a custody order, there must have been a sufficient change of circumstances and a showing that the change would be in the best interests of the child (see Matter of Jose M.C. v Liliana C., 150 AD3d, 514, 514 [1st Dept 2017]. Here, the mother has not provided support for any of the allegations in the petition. Although she contends that she has transformed her life to the extent that there has been a sufficient change of circumstances, she has not provided documentary evidence to substantiate her claim of entering into and completing a drug rehabilitation program. In fact, the mother admitted to using drugs during the pendency of the proceeding, and thus has failed to establish a change of circumstances in this vein (see Matter of Paul P. v Tonisha J., 149 AD3d 409 [1st Dept 2017]). Regardless, any changes that the mother made to her own life did not amount to a sufficient change of circumstances to warrant a change of custody (see e.g. Matter of Walter C. v Jovanka F., 58 AD3d 537 [1st Dept 2009]).
Furthermore, the record shows that respondent father has had custody of the child since she was five years old, and has proved himself to be a committed parent who is involved with her education and recreational activities and meets her daily needs without any assistance from the mother. Conversely, the mother admitted to not having contact with the child, other than sporadic telephone calls, for more than five years. The mother did not provide evidence showing that the father was unfit, or that his continued custody would not be in the child's best interests. The mother also admitted to the court that she intended to move back to Georgia if she were to be granted custody, which would not be in the child's best interests under the circumstances.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 21, 2019
DEPUTY CLERK